**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEFFREY MAZICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NELSON, HIRSCH & ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Jeffrey Mazich brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Nelson, Hirsch & Associates, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

**VENUE AND JURISDICTION**

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

**PARTIES**

6. Plaintiff Jeffrey Mazich is an individual who resides in the Northern District of Illinois.

7. Defendant Nelson, Hirsch & Associates, Inc. is a Georgia corporation with principal offices at 5370 Highway 92, Suite 410-423, Fairburn, GA 30213. It does or transacts business in Illinois.

8. Nelson, Hirsch & Associates, Inc. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others. It states on its web site (http://www.nhacorp.net/about_us.html) that it "is a leading provider of portfolio and receivable management services and legal processing support . . . ."

9. Nelson, Hirsch & Associates, Inc. is a debt collector as defined in the FDCPA.

10. Defendant is a "collection agency" as defined in the ICAA.

**FACTS**

11. Defendant has been attempting to collect from plaintiff an alleged debt incurred (if at all) for personal, family or household purposes.

12. Over a period of months, continuing into February 2011, one of defendant's representatives using the name "Ms. Love" has repeatedly called plaintiff's sister and mother, requesting that they tell plaintiff to call defendant.

13. Defendant's representative also left messages on plaintiff's work phone and cell phone.

14. At no time has defendant provided written notice of any debt to plaintiff.

15. At no time did defendant's representative identify the name of the entity on behalf of which she was calling, and declined to do so upon plaintiff's request.

16. On February 23, 2011, plaintiff spoke to defendant's representative and asked her to provide something in writing describing the alleged debt. She refused.

17. Also on February 23, 2011, defendant's representative threatened to discuss the debt with plaintiff's employer.

18. Most or all of these calls were placed from the number 678-593-2340, which is issued to defendant.

19. Plaintiff was harassed, annoyed and damaged as a result.

## COUNT I – FDCPA

20. Plaintiff incorporates paragraphs 1-19.

21. Defendant violated 15 U.S.C. §1692c by leaving messages with plaintiff's relatives.

22. Section 1692c provides:

> **§ 1692c. Communication in connection with debt collection [Section 805 of P.L.]**
>
> **. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**
>
> **(d) Definitions--For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.**

23. Section 1692b provides:

3

**§ 1692b.     Acquisition of location information [Section 804 of P.L.]**

**Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--**

**(1)     identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**

**(2)     not state that such consumer owes any debt;**

**(3)     not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;**

**(4)     not communicate by post card;**

**(5)     not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and**

**(6)     after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.**

24.     Defendant violated 15 U.S.C. §§1692e, 1692e(5) and 1692e(10) by threatening to contact plaintiff's employer.

25.     15 U.S.C. §1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

4

26. Defendant violated 15 U.S.C. §1692g by failing to provide plaintiff with written notice of the debt and his verification rights.

27. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability. The failure of a consumer to dispute the validity of**

5

> **a debt under this section may not be construed by any court as an admission of liability by the consumer.**
>
> **(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**
>
> **(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

28. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6). *Ramirez v. Apex Financial Mgmt., LLC,* 567 F. Supp.2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp.2d 1104, 1112, 1118 (C.D. Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla., July 14, 2006); *Leyse v. Corporation Collection Servs*., 03 Civ. 8491, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

29. All of the telephone messages described above violated 15 U.S.C. §1692d(6), in that the messages did not identify defendant. See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp.2d 1104, 1112, 1118 (C.D. Cal. 2005); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (N.D. Ga. 1982); *Valencia v. Affiliated Group, Inc.,* 07-61381, 2008 U.S. Dist. LEXIS 73008 (S.D. Fla., Sept. 23, 2008).

30. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

 (1) Statutory and actual damages;

 (2) Attorney's fees, litigation expenses and costs of suit;

 (3) Such other and further relief as the Court deems proper.

## COUNT II – ICAA

31. Plaintiff incorporates paragraphs 1-19.

32. Defendant violated the following provisions of 225 ILCS 425/9.2 by leaving messages with plaintiff's relatives:

> **225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**
>
> **Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances: . . .**
>
> **(b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**
>
> **(d) For the purposes of this Section, "debtor" includes the debtor's spouse, parent (if the debtor is a minor), guardian, executor, or administrator. . . .**

33. 225 ILCS 425/9.1 provides:

> **225 ILCS 425/9.1. (Effective January 1, 2008) Communication with persons other than debtor**
>
> **Sec. 9.1. (a) Any debt collector or collection agency communicating with any person other than the debtor for the purpose of acquiring location information about the debtor shall:**
>
> > **(1) identify himself or herself, state that he or she is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his or her employer;**
> >
> > **(2) not state that the consumer owes any debt;**
> >
> > **(3) not communicate with any person more than once unless requested**

>**to do so by the person or unless the debt collector or collection agency reasonably believes that the earlier response of the person is erroneous or incomplete and that the person now has correct or complete location information;**
>
>**(4) not communicate by postcard;**
>
>**(5) not use any language or symbol on any envelope or in the contents of any communication effected by mail or telegram that indicates that the debt collector or collection agency is in the debt collection business or that the communication relates to the collection of a debt; and**
>
>**(6) after the debt collector or collection agency knows the debtor is represented by an attorney with regard to the subject debt and has knowledge of or can readily ascertain the attorney's name and address, not communicate with any person other than the attorney, unless the attorney fails to respond within a reasonable period of time, not less than 30 days, to communication from the debt collector or collection agency.**

34. Defendant violated the following provisions of 225 ILCS 425/9 by threatening to contact plaintiff's employer:

>**. . . (17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law.**

35. Defendant violated the following provisions of 225 ILCS 425/9.3 by failing to provide the notice described therein:

>**225 ILCS 425/9.3. (Effective January 1, 2008) Validation of debts**
>
>**Sec. 9.3. (a) Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a debt collector or collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:**
>
>**(1) The amount of the debt.**
>
>**(2) The name of the creditor to whom the debt is owed.**
>
>**(3) That, unless the debtor, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector or collection agency.**
>
>**(4) That, if the debtor notifies the debt collector or collection agency in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector or collection agency will obtain verification**

8

> **of the debt or a copy of a judgment against the debtor and a copy of the verification or judgment will be mailed to the debtor by the debt collector or collection agency.**
>
> **(5) That upon the debtor's written request within the 30-day period, the debt collector or collection agency will provide the debtor with the name and address of the original creditor, if different from the current creditor. If the disclosures required under this subsection (a) are placed on the back of the notice, the front of the notice shall contain a statement notifying debtors of that fact.**

**(b) If the debtor notifies the debt collector or collection agency in writing within the 30-day period set forth in paragraph (3) of subsection (a) of this Section that the debt, or any portion thereof, is disputed or that the debtor requests the name and address of the original creditor, the debt collector or collection agency shall cease collection of the debt, or any disputed portion thereof, until the debt collector or collection agency obtains verification of the debt or a copy of a judgment or the name and address of the original creditor and mails a copy of the verification or judgment or name and address of the original creditor to the debtor.**

**(c) The failure of a debtor to dispute the validity of a debt under this Section shall not be construed by any court as an admission of liability by the debtor.**

36.     Defendant violated the following provision of 225 ILCS 9(a)(21) by failing

to provide the information described  therein:

(**21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use.")**

37.     A private right of action exists for violation of the ICAA.  <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

        (4)     Compensatory and punitive damages;

        (5)     Costs.

        (6)     Such other and further relief as is appropriate.

        s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\25392\Pleading\Complaint_Pleading.wpd

10

## **VERIFICATION**

The undersigned declares under penalty of perjury as provided for by 28 U.S.C. §1746 that the facts stated in this complaint are true to the best of his knowledge and belief.

_____
Jeffrey Mazich

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)